Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUL -1 A 1: 55

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Criminal Case no. CM415-05 |
| | ) | |
| Plaintiffs, | ) | **DECISION AND ORDER** |
| v. | ) | re: motion to dismiss |
| | ) | |
| FRITZ HARTMAN,, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Honorable Judge Alberto C. Lamorena III on April 29, 2009. Plaintiffs were represented by Assistant Attorney General Johnathan Luke. Defendant was represented by Attorney Maria G. Fitzpatrick. At the hearing the parties requested that the issue be submitted for decision based upon the arguments presented in their memoranda. Having reviewed the memoranda the court now issues the following decision and order denying Defendant's motion.

## BACKGROUND

On July 21, 2004, Defendant was arrested for Driving Under the Influence of Alcohol. The same day of his arrest he signed a promise to appear at the Superior Court of Guam on June 22, 2005, at 9:00 a. m., almost a year from the date of his arrest. On June 21, 2005 a Complaint referencing the July 21 arrest was filed against the Defendant asserting that on July 21 Defendant had committed the crimes of Driving Under the Influence of Alcohol, a Misdemeanor and Reckless Driving a Petty Misdemeanor. Defendant failed to appear on the June 22, 2005 date and a warrant was issued for his arrest. He was arrested approximately

four-years later on February 11, 2009.

## DISCUSSION

Defendant argues that the four-year delay constitutes: 1) a failure to prosecute the case with due diligence; 2) a violation of his right to prompt arraignment; and 3) violation of his right to a speedy trial. *Mot.* at 1. In support of his argument Defendant has cited the statutory mandates of Section 60.10 of Title 8 of the Guam Code and two cases in Hawaii where criminal matters were dismissed for failure to serve a warrant for two-years. *Id.* at 2-5.

The People oppose Defendant's motion. In support of their position the People argue that the delay was: 1) supported by good cause; and 2) caused by the Defendant. *Opp.* at 2. The People further argue that the Hawaii cases are unpersuasive and distinguishable because they rely upon the interpretation of State statutes not comparable to Guam's. *Id.* at 3. The Defendant does not respond in Reply.

Section 60.10 of the Guam Code provides,

> (a) The defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
> (b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.[1]

---

[1] The Statute's Compilers note contains the following:
> Section 60.10 does not provide a specific time for arraignment but rather requires a A prompt arraignment and relies on the general rule against unreasonable delay and a right to a speedy trial. See § 1.11. It might be noted, however, that § 45.30 does not permit the defendant to be required to plead at his first appearance. A reasonable period for consultation with counsel should be provided in every case.
8 Guam Code Ann. §60.10, note (2008).

8 Guam Code Ann. §60.10 (2008). In addition to the protections of the Organic Act, the Guam legislature has codified a Defendant's right to speedy trial. 8 Guam Code Ann. § 80.60. (2008). Section 80.60 of Title 8 provides,

> (a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
> (1) An information is not filed or an indictment returned within the time prescribed by §§ 45.45, 45.50 and 45.80;
> (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or
> (3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment.
> (b) A criminal action shall not be dismissed pursuant to Subsection (a) if:
> (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
> (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
> (3) Good cause is shown for the failure to commence the trial within the prescribed period.

*Id.*

Salient to this court's analysis is the Guam Supreme Court's discussion of whether the cause associated with the delay to a defendant's right to speedy trial in 2007 and 1998. *Nicholson v. Superior Court of Guam*, 2007 Guam 9, 11-22 (Sup. Ct. Guam 2007); *Carver v. Superior Court of Guam*, 1998 Guam 23, 11 (Sup. Ct. Guam 1998). In *Carver* the Guam Supreme Court finding that good cause for a speedy trial right held, that whether good cause lies for a speedy trial delay is "within the discretion of the trial court." *Carver v. Superior Court of Guam*, 1998 Guam 23, ¶11 (Sup. Ct. Guam 1998). Nine years later in *Nicholson* the Court explained, "[w]e held for several reasons in *Carver* that the petitioner's speedy trial rights were not violated. First, the petitioner filed the motion to dismiss initiating the delay. Second, the motion was to petitioner's benefit because if granted, the motion would result in the dismissal of several charges against him. Third, the trial court worked diligently to

promptly dispose of the motion." *Nicholson*, at 18.

The right to speedy trial was designed to protect three interests: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) to limit the possibility that the defense will be impaired. Of these three interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. In the instant matter the Defendant has asserted no facts to support a finding that any of the above interests have been violated. Defendant's failure to appear when given his Notice to Appear is the primary cause of the delay in this matter[2], and outweighs any failure of the People to subsequently locate him and impel him to appear before the Court.

## CONCLUSION

For the reasons outlined above Defendant's motions are DENIED. A trial setting will be held on July 8, 2009 at 3:30 P.M.

SO ORDERED this 1st day of July 2009.



_____
Honorable Alberto C. Lamorena III
Presiding Judge, Superior Court of Guam.

---

[2]Which is itself a criminal act under 8 Guam Code Ann. §25.50.